# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **ANGELA M. HERRON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:26-CV-00427-ADA-SH** |
| **TEXAS DEPARTMENT OF** | § | |
| **INSURANCE, RANDALL EVANS, and** | § | |
| **CINDY WRIGHT,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Angela M. Herron's Complaint (Dkt. 1) and Motion to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed February 24, 2026.[1]

### I.    Background

Plaintiff Angela M. Herron brings this civil rights suit under 42 U.S.C. § 1981 against her former employer, the Texas Department of Insurance ("TDI"), Associate Commissioner Randall Evans, and employee Cindy Wright. Herron alleges that she worked at TDI as an Insurance Specialist III for 18 years, until she was terminated on March 17, 2020. Complaint, Dkt. 1 ¶¶ 46-47. Herron alleges that Defendants discriminated against her based on race with respect to the terms and conditions of her employment, in violation of § 1981. *Id.* ¶ 65. Herron sues the individual defendants in their official and individual capacities. She seeks monetary damages, including back

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

pay, "front pay in lieu of reinstatement," compensatory damages, punitive damages, and attorneys' fees and costs. Herron also requests a declaration that Defendants violated § 1981.

Herron moves for leave under 28 U.S.C. § 1915(a)(1) to file her Complaint *in forma pauperis* without having to pay the filing fee.

## II.    Plaintiff's Motion to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that she cannot pay such fees or security. "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). To determine whether a particular order causes "undue financial hardship," a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward the payment of court costs to enjoy the benefit of in forma pauperis status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide' himself and dependents with the necessities of life." *Id.*

Based on her financial affidavit, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court hereby **GRANTS** her Application for *in forma pauperis* status. Plaintiff is advised that her *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e). Plaintiff is also advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621

(5th Cir. 1994). Because the Court finds that her Complaint should be dismissed under Section 1915(e)(2), service is not ordered at this time.

### III.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if the court concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A.  Official Capacity Claims

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment codified the sovereign immunity of the states and prohibits federal courts from entertaining "a private person's suit against a State" absent state waiver or appropriate legislation by Congress. *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). This jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against "state agencies and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). Under the limited *Ex parte Young* exception, 209 U.S. 123, 167-68 (1908), a litigant may sue a state official in his official capacity if she seeks prospective injunctive relief

to redress an ongoing violation of federal law. *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020).

Defendant TDI is a state agency and is entitled to sovereign immunity from Herron's claims unless Texas has waived immunity or Congress has abrogated it. *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014); *Allbritain v. Texas Dep't of Ins*., No. A-12-CA-431-SS, 2014 WL 272223, at *3 (W.D. Tex. Jan. 23, 2014) ("There appears to be no dispute TDI is a state entity protected by the Eleventh Amendment."); *El Paso Elec. Co. v. Texas Dep't of Ins.*, 937 S.W.2d 432, 434 (Tex. 1996) (stating that TDI is "clearly" a state agency). Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1981. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Manley v. Tex. S. Univ.*, 107 F. Supp. 3d 712, 719 (S.D. Tex. 2015). This Magistrate Judge finds that TDI is entitled to Eleventh Amendment immunity and the Court lacks jurisdiction over Herron's claims against TDI. *See Moore*, 743 F.3d at 963 ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."); *Montemayor v. Texas Dep't of Ins.*, No. 1:24-CV-146, 2025 WL 1136137, at *4 (S.D. Tex. Apr. 17, 2025) (holding that TDI was entitled to sovereign immunity from suit), *appeal dismissed*, 2025 WL 3905505 (5th Cir. Nov. 21, 2025).

Herron's claims against the individual defendants in their official capacities for damages also are barred by the Eleventh Amendment. *Kentucky*, 473 U.S. at 169 (holding that the Eleventh Amendment bars claims for damages against state officials sued for damages because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"). Because Herron does not allege an ongoing violation of federal law or seek prospective injunctive

4

relief, the limited *Ex parte Young* exception to sovereign immunity does not apply. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (stating that the exception "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past").

## B. Individual Capacity Claims

The Eleventh Amendment "does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (citation omitted). Thus, Herron's claims against the individual defendants in their individual capacities are not barred by sovereign immunity. But those claims also must be dismissed because they are time-barred.

The original version of § 1981 was enacted as § 1 of the Civil Rights Act of 1866 and provided that all persons enjoy the same right to make and enforce contracts. In 1991, Congress added a new provision including the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

The statute of limitations depends on the type of § 1981 claim a plaintiff asserts. If a plaintiff brings claims that could have been brought under the original version of § 1981 (such as claims related to the formation and enforcement of contractual obligations), those claims fall under "the most appropriate or analogous" state statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004). If a plaintiff brings claims arising under the 1991 amendments to § 1981 that relate to the conditions of employment after formation of the contract (such as hostile work environment or wrongful termination), those claims are subject to the four-year statute of limitations under 28 U.S.C. § 1658. *Id.*

5

Herron alleges that Defendants discriminated against her as to the terms and conditions of her employment, including subjecting her to excessive scrutiny and criticism, removing her from important assignments and responsibilities, revoking her telecommuting privileges, falsely accusing her of misconduct, relocating her from an office to a cubicle, requiring her to attend excessive supervisory meetings, imposing burdensome reporting requirements, and terminating her employment. Dkt. 1 ¶ 65. Because all these claims arise under the 1991 amendments to § 1981, the four-year statute of limitations under § 1658 applies. *Jones*, 541 U.S. at 383.

The statute of limitations for a § 1981 claim begins to run from the day that the first discriminatory act occurred. *Chardon v. Fernandez*, 454 U.S. 6, 7-9 (1981). Herron alleges that Defendants began discriminating against her in January 2019. Dkt. 1 ¶ 19. Because she did not sue until February 2026, her claims are time-barred.[2]

## IV.   Order

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

## V.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court:

(1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Texas Department of Insurance and Defendants Randall Evans and Cindy Wright in their official capacities for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e); and

(2) **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants Randall Evans and Cindy Wright in their individual capacities for failure to state a claim for relief under 28 U.S.C. § 1915(e).

---

[2] Herron's claims also would be barred under the Texas statute of limitations most analogous to § 1981: the two-year statute of limitations applicable to personal injury actions. *Id.*; *Hardy v. Carthage Indep. Sch. Dist.*, No. 2:19-cv-00277-JRG-RSP, 2022 WL 21747451, at *1 (E.D. Tex. Feb. 3, 2022).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Alan D Albright.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 19, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE